IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANDREW UPPOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-1186 |
| | ) |
| PEKIN POLICE DEPARTMENT | ) |
| and TAZEWELL COUNTY | ) |
| SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION

Now before the Court is Plaintiff Andrew Uppole's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) and Plaintiff's Motion to Request Counsel (ECF No. 3).

### I. Motion for Leave to Proceed *in forma pauperis*

On June 4, 2019, Plaintiff filed a Complaint against the Pekin Police Department and the Tazewell County Sheriff's Office ("Defendants") and alleged Defendants violated his First Amendment rights by arresting him, wiretapping his devices, and conducting unwarranted surveillance. (ECF No. 1 at 1). Plaintiff seeks punitive damages and $5 million in compensatory damages. *Id.* at 7.

Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). Plaintiff has no income or savings; however, he notes that he gives his daughter twenty percent of his income. *Id.* at 1-2. From the partially illegible notations, it appears he may have an ownership interest in a small business, Subdivision Design Solutions, but that the business is no longer operational. *Id.* at 2. His expenses include $375 for rent, $120 for his electric

bill, and $75 for internet per month. *Id.* He indicates that he owes fines to Woodford, Tazewell, and Peoria counties, but he fails to state how much the fines are. *Id.*

Plaintiff appears to be indigent, but this Court's inquiry does not end here. The Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A lawsuit is frivolous if the plaintiff "can make no rational argument in law or fact to support [his] claims for relief." *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that any complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Notably, Plaintiff misrepresented to the Court that this is his only lawsuit in federal court by marking "no" on page four of his Complaint. (ECF. No. 1 at 4). In fact, Plaintiff filed a Complaint in *Uppole v. Dunn Graham, et al.*, Case No. 19-1128, in April 2019, against two different defendants. On April 23, 2019, this Court dismissed the case and denied his Motion for Leave to Proceed *in forma pauperis* and Motion to Request Counsel.

This Court finds that Plaintiff's Complaint fails to state a legal claim, is frivolous, and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, because the Court can discern no arguably cognizable claims from Plaintiff's pleadings, the Court must deny Plaintiff's Motion to Proceed *in forma pauperis* and dismiss the Complaint.

## II. Motion to Request Counsel

Although Plaintiff has no absolute right to counsel in a civil proceeding, *see Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983), he asks the Court to exercise its discretion to appoint counsel. (ECF No. 3). After considering the factors set forth in *Merritt*, the Court concludes that appointment of counsel is not warranted. Plaintiff has neither demonstrated that he made a reasonable attempt to retain private counsel nor alleged any physical or mental disability which might preclude him from adequately investigating the facts giving rise to his Complaint. *Merritt*, 697 F.2d at 765. More importantly, based on this Court's finding that Plaintiff's Complaint is frivolous and fails to comply with Rule 8 of the Federal Rules of Civil Procedure, his Motion to Request Counsel is denied.

## CONCLUSION

For the reasons set forth herein, the Motion for Leave to Proceed *in forma pauperis* [2] and Motion to Request Counsel [3] are DENIED. This matter is DISMISSED as frivolous and for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. This matter is terminated.

ENTERED this 8th day of July, 2019.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge